IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY KLUGE PEDERSON, individually, and as Mother and Next Friend of EMMA KLUGE, a minor,<br><br>            Plaintiff,<br><br>v.<br><br>DR. SRIDEVI PANCHAMUKHI, SOUTHERN ILLINOIS HOSPITAL SERVICES, d/b/a Memorial Hospital of Carbondale, and MEMORIAL HOSPITAL OF CARBONDALE,<br><br>            Defendants. | Case No. 3:18-CV-2131-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Dismiss Dr. Sridevi Panchamukhi and Substitute the United States of America filed by Dr. Sridevi Panchamukhi (Doc. 3), the Motion to Dismiss or, in the Alternative, for Summary Judgment filed by Defendant Dr. Sridevi Panchamukhi and the United States of America (Doc. 6), as well as the Motion to Dismiss filed by Defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale (SIHS) (Doc. 11). For the reasons set forth below, the motions are granted.

### BACKGROUND

Plaintiff Nancy Kluge Pederson originally filed this lawsuit as the Mother and Next Friend of Emma Kluge in the Circuit Court of the First Judicial Circuit in Williamson County, Illinois (Doc. 1-2). Pederson alleged that Dr. Panchamukhi, SIHS, and Memorial

Hospital of Carbondale were negligent in delivering her child on June 25, 2009 (*Id.*). Dr. Panchamukhi and the United States of America removed the case to federal court on November 30, 2018, asserting that at all relevant times, Dr. Panchamukhi was an employee of Rural Health, Inc., an entity of the United States of America eligible for Federal Tort Claims Act coverage pursuant to the Federally Supported Health Centers Assistance Act (Doc. 1). And under 42 U.S.C. § 233(a), a Federal Tort Claims Act (FTCA) lawsuit against the United States is the sole remedy "for damage or personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." (*Id.*).

Dr. Panchamuhki has now moved to substitute the United States as a defendant in her stead. Both Dr. Panchamuhki and the United States also have moved to dismiss the case because Pederson failed to exhaust her administrative remedies prior to filing this lawsuit. Finally, Defendant SIHS has filed a motion to Dismiss Count II against it. The Court addresses each motion in turn.

I.   **Motion to Dismiss Dr. Panchamukhi with Prejudice and Substitute the United States of America (Doc. 3)**

With this motion, Dr. Panchamukhi moves to dismiss the claims against her with prejudice and to substitute the United States in her place. Dr. Panchamukhi asserts that from January 1, 2008, to the present, Rural Health, Inc. has been deemed eligible for FTCA malpractice coverage, and that she was an employee of Rural Health on June 25, 2009, and continues to be an employee to this day. Accordingly, she must be dismissed, and

the United States must be substituted as a defendant. Pederson did not file a brief in opposition.

Under 42 U.S.C. § 233(a), an FTCA lawsuit against the United States is the sole remedy "for damage or personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." In such cases, the Attorney General may certify that the employee "was acting in the scope of his employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c). Upon certification, the employee is dismissed from the action, the United States is substituted as defendant in place of the employee, and the action is governed by the FTCA. *Id.* The Attorney General has delegated authority to certify a federal employee's scope of employment to the U.S. Attorneys. 28 C.F.R. § 15.4(a).

Here, the U.S. Attorney for the Southern District of Illinois has delegated his authority under § 15.4(a) to the Chief of the Civil Division, who has certified that Rural Health a was a deemed federal entity of the United States of America from at least January 1, 2008, and continuing thereafter. Furthermore, Dr. Panchamukhi was acting within the scope of her deemed employment as an employee of the United States Public Health Service on June 25, 2009 (Doc. 1-5). Accordingly, the exclusive remedy available to Pederson is an FTCA lawsuit against the United States.

Finding that the FTCA applies here, and having no response from Pederson, the Motion to Dismiss Defendant Dr. Sridevi Panchamukhi with prejudice (Doc. 3) is granted, and the United States of America is hereby substituted as a defendant.

## II. Motion to Dismiss, or in the Alternative, for Summary Judgment, Based on Failure to Exhaust (Doc. 6)

On December 10, 2018, the United States [1] filed a motion to dismiss or, alternatively, for summary judgment, asserting that Pederson failed to exhaust the required administrative remedies prior to filing suit (Doc. 6). The United States argues that under the FTCA, a plaintiff must take her claim to the appropriate federal agency before filing suit. Specifically, 28 U.S.C. § 2675(a) provides that an action shall not be instituted against the United States for money damages based on personal injury or death caused by the negligence of any Government employee acting with the scope of his employment, "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claims shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675.

In this case, the United States argues, Pederson failed to file any administrative claims regarding Rural Health, Inc., and/or Dr. Panchamukhi with the United States Department of Health and Human Services before filing this lawsuit (*See* Doc. 6-1). Therefore, her claims must be dismissed.[2]

The failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. *Old Nat. Tr. Co. v. United States*, No. 12-CV-0197-MJR-DGW, 2013 WL 3944432, at *3 (S.D. Ill. July 31, 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113,

---

[1] Having dismissed Dr. Panchamukhi and substituted the United States as a defendant, the Court construes this motion as having been filed solely by the United States.

[2] Defendants note, and the Court agrees, that when ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to exhaust, the Court may examine administrative documents, as the Court can take judicial notice of matters in the public record. *See Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003).

113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013)); *see also Warrum v. United States*, 427 F.3d 1048 (7th Cir. 2005)(§ 2675(a) requires the presentation of an administrative claim for wrongful death before a wrongful death claim may be pursued in federal court under the FTCA). "The purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum*, 427 F.3d at 1058.

While the Court has some concerns that Pederson did not "file suit under the FTCA" or institute a lawsuit "against the United States for money damage"—she filed a state court negligence lawsuit that was removed to federal court—Pederson did not file a response to the motion to dismiss. Under Local Rule 7.1(c), the failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Here, the Court exercises that discretion and finds Pederson's failure to file a response to be an admission of the merits of the United States's motion to dismiss. Accordingly, the motion to dismiss granted, and Pederson's claims against the United States are dismissed without prejudice.

**III.    Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale's Motion to Dismiss Count II (Doc. 10)**

On December 28, 2019, Defendant SIHS filed a Motion to Dismiss Count II of Pederson's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to comply with the requirements of Section 2-622 of the Illinois Code of Civil Procedure. *See* 735 ILL. COMP. STAT. § 5/2-622. SIHS argues that Pederson's physician's

report improperly contains identical allegations against it and Dr. Panchamukhi and fails to identify the particular conduct of each defendant that allegedly breached the standard of care. Therefore, Count II of the Complaint must be dismissed. Pederson did not file a response in opposition to the motion.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits" of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). In evaluating a motion to dismiss, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

The Seventh Circuit has held that the Illinois Healing Art Malpractice Act applies to Illinois state law malpractice actions pending in federal court. *See Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014); *Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir. 2000). The Act requires, in relevant part, that a medical malpractice complaint be accompanied by a certificate stating that a qualified, licensed physician has reviewed the case and determined in a written report that the lawsuit is reasonable and meritorious. 735 ILL. COMP. STAT. § 5/2–622(a)(1). The written report must be attached to the complaint and identify "the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists[.]" *Id.* § 622(a)(1). Furthermore, a separate certificate and written report shall be filed as to each defendant who has been named in the complaint. *Id.* § 622(b). A complaint that fails to satisfy these requirements must be dismissed. *Id.* § 622(g).

Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Nevertheless, courts often find conclusory certificates of merit to be inadequate. *See Ortiz v. United States*, No. 13 C 7626, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014) (citing *Jacobs v. Rush N. Shore Med. Ctr.*, 673 N.E.2d 364, 367 (Ill. App. Ct. 1996)); *Premo v. Falcone*, 554 N.E.2d 1071, 1076 (Ill. App. Ct. 1990) (finding report that did not explain doctors' "inappropriate actions" to be insufficient).

The Seventh Circuit has noted that the requirements of § 622(b) may be satisfied by a single report against multiple defendants if the report is "sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by defendants, and establishes that a reasonable and meritorious cause exists for filing the action." *Sherrod*, 223 F.3d at 614 (quotation omitted); *Ortiz*, 2014 WL 642426, at *3. "However, where confusion as to the involvement of each defendant might arise, separate physician's reports are required." *Mueller v. N. Suburban Clinic, Ltd.*, 701 N.E.2d 246, 253 (Ill. App. Ct. 1998).

Here, the physician's report states, in relevant part, that:

[A] reasonable and meritorious basis exists for filing a medical negligence claim against Dr. Sridevi Panchamukhi, Southern Illinois Hospital Services, Individually, and d/b/a Memorial Hospital of Carbondale, and Memorial Hospital of Carbondale, for the following reasons:

a.  Failed to provide the Plaintiff with necessary services to attain and maintain the highest practicable physical, mental, and psychosocial wellbeing in accordance with comprehensive assessment and plan of care;

b.  Allowed an unnecessary delay in delivery; and

c.  Failed to properly deliver baby.

The Court agrees with SIHS that the physician's report is overly broad, does not detail the specific involvement of the individual defendants, and does not explain how their individual actions breached the relevant standard of care. Because confusion could arise as to the involvement of each defendant, the physician's report attached to Pederson's Complaint is insufficient under § 2-622. Accordingly, SIHS's motion to dismiss shall be granted.

## CONCLUSION

For these reasons, the Motion to Dismiss Defendant Dr. Sridevi Panchamukhi with prejudice (Doc. 3) is **GRANTED**. The United States of America is hereby **SUBSTITUTED** as a defendant in place of Dr. Panchamukhi.

Furthermore, the Motion to Dismiss Based on Failure to Exhaust filed by the United States (Doc. 6) is **GRANTED**, and Pederson's claims against the United States in Count I are **DISMISSED without prejudice**. The alternative Motion for Summary Judgment is **DENIED**.

Finally, the Motion to Dismiss filed by Defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale (Doc. 11) is **GRANTED**, and the claims against it in Count II are **DISMISSED without prejudice**.

Remaining as a defendant is Memorial Hospital of Carbondale, which has been named as a party separate from Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale. No appearance has been entered on its behalf, and it is unclear

to the Court whether any responsive pleadings were filed in state court. To be sure, nothing has been filed by Memorial Hospital of Carbondale in this Court. Plaintiff also has not filed a single document in this case. Plaintiff is therefore **ORDERED TO SHOW CAUSE** why Memorial Hospital of Carbondale should not be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff's response shall be filed by **September 27, 2019**. Failure to comply with the Court's Order shall result in dismissal of Defendant Memorial Hospital of Carbondale.

    IT IS SO ORDERED.

    DATED:   September 16, 2019

                                              **NANCY J. ROSENSTENGEL**
                                              **Chief U.S. District Judge**