IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY KLUGE PEDERSON, individually, and as Mother and Next Friend of E.K., a minor, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN ILLINOIS HOSPITAL SERVICES, d/b/a MEMORIAL HOSPITAL OF CARBONDALE, UNITED STATES OF AMERICA, and MEMORIAL HOSPITAL OF CARBONDALE, <br><br> Defendants. | Case No. 3:18-CV-2131-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Reconsideration filed by Defendant Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale (Doc. 21). Defendant asks the Court to reconsider its Order granting leave to Plaintiff Nancy Kluge Pederson to file an Amended Complaint for the purpose of then remanding the case to state court (Doc. 20).

Defendant United States of America removed this action from the First Judicial Circuit, Williamson County, Illinois, on November 30, 2018 (Doc. 1). On December 10, 2018, Defendant Dr. Sridevi Panchamukhi, who later was substituted by the United States of America as the named Defendant, filed a motion to dismiss based on Pederson's failure to exhaust administrative remedies (Doc. 6). On December 28, 2018, Defendant Southern

Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale, filed a motion to dismiss for failure to state a claim (Doc. 10). Pederson did not respond to either motion. The Court found that both motions to dismiss had merit, granted the motions, and dismissed all Defendants except Memorial Hospital of Carbondale, which had been named as a defendant independent of Southern Illinois Hospital Services (Doc. 17). The Court also ordered Pederson to show cause why Memorial Hospital of Carbondale should not likewise be dismissed.

On September 25, 2019, Pederson responded to the Court's Order and agreed that Memorial Hospital of Carbondale should be dismissed because it is not a distinct legal entity apart from Southern Illinois Hospital Services. The response further stated that Pederson had filed for bankruptcy and, while the Trustee agreed to have counsel prosecute this matter on behalf of Pederson, the Bankruptcy Court had not yet approved that hiring (Doc. 19). Absent approval from the Bankruptcy Court, counsel indicated he was without authority to officially plead on behalf of Pederson (*Id.*). Counsel further stated that, once employed by the Bankruptcy Estate, he intends to file an Amended Complaint solely against Southern Illinois Hospital Services and to move to remand the case to state court.

On the basis of this information, the Court discharged the Order to Show Cause and granted Pederson leave to amend her complaint once counsel has been retained by the Bankruptcy Court (Doc. 20).

Defendant Southern Illinois Hospital Services now asks the Court to reconsider its order granting Pederson leave to amend her Complaint once the Bankruptcy Court

approves the retention of counsel to prosecute this matter (Doc. 21). Defendant states that Pederson filed for bankruptcy on April 12, 2016. *See In re: Mark A. Pederson and Nancy S. Pederson*, Case No. 16-40318, (Bankr. S.D. Ill. April 12, 2016). Thus, counsel filed the state court complaint in this matter after Pederson filed for bankruptcy. Pederson also never mentioned the bankruptcy as a reason for needing additional time to respond to Defendants' motions to dismiss in this Court. It was only *after* her Complaint was dismissed that the bankruptcy matter was raised as a justification for not responding. Defendant argues that Pederson has thus "waived" her right to file an amended complaint.

Southern Illinois Hospital Services also argues that after the Court dismissed the United States of America for failure to exhaust, the only claim remaining is the state law medical malpractice claim against it. While the Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a), Defendant notes that, generally, district courts should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits. *See Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). Defendant, therefore, asks the Court to reconsider its order, deny Pederson's request for leave to file an amended complaint, dismiss Defendant Memorial Hospital of Carbondale (as it is not a legal entity), and close this case.

In response, Pederson agrees that ultimately this matter should be remanded to state court, but asserts that the most efficient procedural avenue would be for the Court to allow amendment and then remand the case to Circuit Court.

Motions to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, as the rule provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. P. 54(b). Motions to reconsider under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e) and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). A motion to reconsider is only proper where the Court has misunderstood a party, made a decision outside the adversarial issues presented to the Court by the parties, made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

As an initial matter, the parties agree that Memorial Hospital of Carbondale is not an independent legal entity separate from Southern Illinois Hospital Services. Accordingly, Defendant Memorial Hospital of Carbondale shall be dismissed.

With regard to Defendant's substantive arguments, while the court was unaware that Pederson's bankruptcy had been pending for years, her failure to respond to Defendant's motion to dismiss does not mean she "waived" her right to file an amended complaint. The Court granted Defendant's motion on the basis of Pederson's failure to provide a sufficient physician's report as required by 735 ILL. COMP. STAT. § 5/2-622 and dismissed the complaint *without prejudice* (Doc. 17). While the Court did not expressly grant Pederson leave to file an amended complaint in its order, leave to amend should be

freely given when justice so requires. FED R. CIV. P. 15(a)(2). And this Court routinely grants plaintiffs leave to amend when their complaint is dismissed for failure to comply with the procedural requirements of the Illinois Healing Art Malpractice Act.

The Court also disagrees with Defendant's suggestion that it can decline to exercise supplemental jurisdiction at this point. Currently, there is no operative complaint before the Court. The Court dismissed the complaint without prejudice and later granted Plaintiff leave to refile within 30 days of the Bankruptcy Court approving counsel's hiring. Until an amended complaint is filed, the Court has nothing to assert— or decline to assert— supplemental jurisdiction over.

For these reasons, the Motion to Reconsider filed by Defendant Southern Illinois Hospital Services (Doc. 20) is **DENIED**. Plaintiff Nancy Kluge Pederson shall file an amended complaint within 30 days of the Bankruptcy Court approving counsel's hiring. Defendant Memorial Hospital of Carbondale is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: April 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**