## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NANCY KLUGE PEDERSON,** **individually, and as Mother and Next** **Friend of E.K., a minor,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:18-CV-2131-NJR** |
| **SOUTHERN ILLINOIS HOSPITAL** **SERVICES, d/b/a MEMORIAL** **HOSPITAL OF CARBONDALE,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Remand filed by Plaintiff Nancy Kluge Peterson (Doc. 26) and the Motion to Dismiss filed by Defendant Southern Illinois Hospital Services d/b/a Memorial Hospital of Carbondale (SIHS) (Doc. 29).

Pederson originally filed this lawsuit as the Mother and Next Friend of Emma Kluge in the Circuit Court of the First Judicial Circuit in Williamson County, Illinois (Doc. 1-2). Pederson alleged that SIHS and Dr. Sridevi Panchamukhi were negligent in delivering her child on June 25, 2009 (*Id.*). Because Dr. Panchamukhi was an employee of Rural Health, Inc., an entity of the United States of America eligible for Federal Tort Claims Act coverage pursuant to the Federally Supported Health Centers Assistance Act, the United States of America removed the action to this Court on November 30, 2018, pursuant to 42 U.S.C. § 233 (Doc. 1).

On December 10, 2018, Dr. Panchamukhi, who later was substituted by the United States of America as the named defendant, filed a motion to dismiss based on Pederson's failure to exhaust administrative remedies (Doc. 6). On December 28, 2018, Defendant Southern Illinois Hospital Services, d/b/a Memorial Hospital of Carbondale filed a motion to dismiss for failure to state a claim (Doc. 10). Pederson did not respond to either motion. The Court found that both motions to dismiss had merit, granted the motions, and dismissed all defendants except Memorial Hospital of Carbondale, which had been named as a defendant independent of Southern Illinois Hospital Services (Doc. 17). The Court also ordered Pederson to show cause why Memorial Hospital of Carbondale should not likewise be dismissed.

On September 25, 2019, Pederson responded to the Court's Order and agreed that Memorial Hospital of Carbondale should be dismissed because it is not a distinct legal entity apart from Southern Illinois Hospital Services. The response further stated that Pederson had filed for bankruptcy and, while the Trustee agreed to have counsel prosecute this matter on behalf of Pederson, the Bankruptcy Court had not yet approved that hiring (Doc. 19). Absent approval from the Bankruptcy Court, counsel indicated he was without authority to officially plead on behalf of Pederson (*Id.*). Counsel further stated that, once employed by the Bankruptcy Estate, he intended to file an Amended Complaint solely against Southern Illinois Hospital Services and to move to remand the case to state court.

The following day, the Court discharged the Order to Show Cause and granted Pederson leave to amend her complaint "within 30 days of the Bankruptcy Court

approving counsel's hiring." (Doc. 20). On October 2, 2019, SIHS filed a Motion to Reconsider (Doc. 21), which the Court denied on April 7, 2020 (Doc. 24).

Pederson filed her Amended Complaint on April 28, 2020, naming SIHS as the sole defendant (Doc. 25). Pederson also moved to remand the case to state court because there is no federal question at issue, the FTCA is no longer implicated, and there is no diversity of citizenship between the parties (Doc. 26).

In response, SIHS agrees this Court lacks subject matter jurisdiction to adjudicate this case on the merits (Doc. 31). Nevertheless, SIHS has moved to dismiss the Amended Complaint, arguing that Pederson failed to comply with the Court's Order to amend her complaint within 30 days of the Bankruptcy Court's approval of counsel's hiring. SIHS notes that the Bankruptcy Court approved counsel's hiring on September 26, 2019 (Doc. 30-1). Because Pederson did not file her Amended Complaint until April 28, 2020, 185 days after the Court's deadline, SIHS argues the case should be dismissed.

In response, Pederson argues she promptly filed her Amended Complaint once the Court ruled on SIHS's Motion to Reconsider (Doc. 32). Had she filed her Amended Complaint while the Motion to Reconsider was pending, Pederson argues, SIHS would have moved to strike the Amended Complaint until the Court disposed of its Motion to Reconsider. In the event the Court finds that she should have filed her Amended Complaint despite the pending Motion to Reconsider, Pederson moves the Court to grant her leave to file the Amended Complaint out of time.

The Court acknowledges Pederson has been less than diligent in adhering to deadlines throughout this case. Nevertheless, SIHS is not prejudiced by the fact that

Pederson filed her Amended Complaint after the Court ruled on the Motion to Reconsider. Had Pederson filed the Amended Complaint prior to a ruling on the Motion to Reconsider, the Court presumes that SIHS would have filed a motion to stay its responsive pleading until the Court issued a ruling on SIHS's reconsideration motion. At the very least, the Court would not have taken any action with regard to remanding the case until the Motion to Reconsider was resolved. Accordingly, the Court finds that Pederson's failure to file the Amended Complaint until after the Motion to Reconsider was decided is the result of excusable neglect and grants her request to file it out of time. *See* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). SIHS's Motion to Dismiss (Doc. 29) is **DENIED**.

The issue of the late filing having been resolved, the Court must now remand this action to state court pursuant to 28 U.S.C. § 1447(c), as SIHS concedes that this Court lacks subject matter jurisdiction over the claims in the Amended Complaint. Accordingly, the Motion to Remand filed by Plaintiff Nancy Kluge Pederson (Doc. 26) is **GRANTED**. The case shall be **REMANDED** to the Circuit Court of the First Judicial Circuit in Williamson County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:   June 4, 2020**

_____

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**